**Benilda PEREZ ACUNA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–77177.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007.*

Filed April 20, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Charles E. Nichol, Esq., Law Office of Charles E. Nichol, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donna D. Duer, U.S. Department of Justice, Environmental Enforcement Section, U.S. Department of Justice, Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: O'SCANNLAIN, GRABER, and CLIFTON, Circuit Judges.

### MEMORANDUM [**]

Benilda Perez Acuna, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision, affirming the Immigration Judge's ("IJ") order denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252.

"Where ... the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002). We review for substantial evidence, *see Marcos v. Gonzales*, 410 F.3d 1112, 1119 (9th Cir.2005), and we deny the petition for review.

Assuming credibility, we conclude that substantial evidence supports the IJ's finding that Acuna suffered no past persecution, because Acuna was never directly confronted by anyone from the New Peo-

ple's Army ("NPA"), in conjunction with threats issued by the NPA. *See id.* at 1119.

Substantial evidence also supports the IJ's finding regarding a lack of a well-founded fear in that harm from the NPA's recent threats is "too speculative to be credited as a basis for fear of future persecution." *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir.2003); *cf. Canales–Vargas v. Gonzales*, 441 F.3d 739, 746 (9th Cir.2006) (explaining that "the age of the threats that [petitioner] received are relevant to our evaluation of the reasonableness of [petitioner's] fear").

Because Acuna failed to establish eligibility for asylum, she necessarily failed to meet the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.